**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL J ASCENZI, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-05-2632 |
| v. | : |
| | : (JUDGE VANASKIE) |
| CHARLES ERICKSON, | : |
| | : |
| Respondent. | : |

**M E M O R A N D U M**

**I.     Introduction**

Before the Court is Petitioner Michael J. Ascenzi's pro se petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole.

Ascenzi asserts that the Pennsylvania Board of Probation and Parole ("the Board") relied upon

fabricated evidence and hearsay testimony presented by his state parole agent to revoke

parole.  For the following reasons, Ascenzi's Petition will be denied and dismissed without an

evidentiary hearing.

**II.     Statement of Facts**

On February 6, 1997, the Court of Common Pleas of Luzerne County,

Pennsylvania sentenced Ascenzi to a prison term of 4 ½  to 10 years for a drug related charge.

(Dkt. Entry 10-2, Respondent's Exhibit A, Certified Record ("CR") in Ascenzi v. Pa. Board of

Probation & Parole, No. 372 C.D. 2005.)  Ascenzi was granted parole on June 29, 2001.  (Id.)

He was recommitted on January 1, 2003, as a convicted parole violator.

On September 22, 2003, the Board paroled Ascenzi for a second time, subject to a general parole condition that required him to abstain from the use of controlled substances without a valid prescription.  His parole agent at that time was Bernard J. Dubaskas, Jr.  On June 24, 2004, Ascenzi submitted a urine sample in accordance with the terms and conditions of his parole.  (Id.)  On July 21, 2004, Agent Dubaskas interviewed Ascenzi at the Pennsylvania State Police Barracks in Wyoming, Pennsylvania, following his arrest on a new drug charge. After Agent Dubaskas advised Ascenzi that his urine test came back positive for drugs. Ascenzi admitted to Agent Dubaskas that he took Vicodin, a narcotic pain reliever, without a prescription.  (Id. at CR 22 - 23.)

On July 21, 2004, the Board issued a Warrant to Commit and Detain Ascenzi. (Id. at CR 20.)  Ascenzi waived his Preliminary/Detention Hearing.  (Id. at CR 22 - 27.)  A Notice of Charges and Hearing was issued to Ascenzi advising him of the time and date of his violation hearing.  (Id. at CR 30.)  Ascenzi was charged as a technical parole for violating condition 5a of his parole, ingesting a controlled substance without a valid prescription.  (Id.)

Petitioner was represented by counsel at his October 29, 2004, parole revocation hearing.  (Dkt. Entry 10-2, Transcript of Parole Violation Hearing, CR 47 - 80.)  At the hearing, Agent Dubaskas testified that, after informing Ascenzi of his positive June 24, 2004, urine sample, Petitioner admitted to taking a controlled substance, Vicodin, without a valid

-2-

prescription.  Agent Dubaskas then sought to introduce into evidence the urinalysis of Ascenzi's

June 24, 2004, specimen.  Ascenzi's counsel objected to the introduction of laboratory results.

(Id. at CR 51 - 52.)  The Hearing Examiner sustained Ascenzi's objection as to Agent

Dubaskas' failure to lay a proper foundation authenticating the lab results.  (Id.)  As a result, the

laboratory report was not admitted.  (Id.)

Ascenzi testified at his parole revocation hearing.  (Id. at CR 62.)  Petitioner

stated that Agent Dubaskas told him Oxycodone, not Vicodin, was found in his urine.  Ascenzi

denied taking any medication without a prescription.  (Id. at CR 64.)  Ascenzi told Agent

Dubaskas that his girlfriend had a prescription of Vicodin and that he had a prescription for

Percocet (also known as Endocet).  He implied that he may have taken Vicodin rather than

Percocet in error.   (Id. at CR 63 - 65.)  Ascenzi testified that his physician prescribed Endocet

for him in June 2004 for pain related to two ruptured cervical discs.  (Id. at CR 65; 74.)  Ascenzi

produced two July 2004 prescriptions from his physician for Endocet.  (Id. at CR 66.)  Agent

Dubaskas objected to the admission of the July prescriptions as they were not originals, and

because they were irrelevant to demonstrating whether Ascenzi was taking a prescription drug

in June 2004.  The Hearing Examiner sustained the objection.  (Id. at CR 70.)  Ascenzi denied

taking any medication without a prescription.  (Id. at CR 64.)  Ascenzi denied ever admitting to

Agent Dubaskas that he was "using Vicodin."  (Id. at CR 71.)

Upon cross-examination, Agent Dubaskas questioned Petitioner about an

additional September 24, 2003, special condition of his parole requiring him to advise parole

staff "the next working day of any prescription medication [he] obtained as well as the dosage,

the number of pills, the date it was obtained, the name of the doctor." (Id. at CR 72.)  Ascenzi

was also required to advise the prescribing doctor if he had a drug dependency problem. (Id.)

Ascenzi verified his signature on a document outlining the terms of this special condition. (Id. at

CR 72.)  The document which outlined the terms of this special condition was admitted into

evidence over Ascenzi's as it was already part of the file the Board maintained on Ascenzi.  (Id.

at CR 75 and 81.)

            The Notice of Board Decision was rendered on December 17, 2004, and mailed

to Petitioner on December 20, 2004. The Board re-committed Ascenzi as a technical parole

violator and directed that he serve 12 months of back time for his violation of condition 5a, use

of drugs.  The Board specified that the evidence it relied upon was Agent Dubaskas' testimony

and a documented PBPP form. (Id. at CR 84, Notice of Board Decision.)

            Ascenzi filed an Administrative Appeal on January 20, 2005, contesting the

Board's Decision. (Id. at CR 85 - 88.)  In his appeal Ascenzi took issue with the Board's

imposition of the maximum penalty, as well as the Board's reliance on the testimony of Agent

Dubaskas concerning Ascenzi's alleged admission to the use of a prescription drug. (Id.)  On

May 9, 2005, the Board denied Ascenzi's petition for administrative review. (Id. at CR 98.)  The

Board noted that it found:

> by a preponderance of the evidence that you violated special condition #5A (use of drugs) of your parole. . . . In support of this conclusion, the Board relied upon the testimony of Agent Bernard Dubaskas in finding that you violated condition #5A, which constitutes substantial evidence to support the violation. . . Moreover, the Board was justified in relying on the documentary evidence presented by Agent Dubaskas, which further substantiated the violations
>
> Moreover, you were given ample opportunity to present mitigating evidence at your violation hearing.  However, the Board need not accept the evidence presented as justification for the alleged violation. . . .
>
> Finally, the Board decision in question recommitted you as a technical parole violator to serve twelve months backtime for violating condition #5A (use of drugs) of your parole.  The presumptive recommitment range for this violation is 5 - 12 months.  27 Pa. Code § 75.4.  Thus, the twelve-month period imposed by the Board is within the presumptive range.  As such, any challenge to that length of time is not a valid basis of administrative relief.

(Dkt. Entry 10-2, Exh. A, CR at 98.) (internal citations omitted.)

Ascenzi filed a timely petition for review in the Commonwealth Court of Pennsylvania.  (Dkt. Entry 10-3, Exhibit B; Dkt. Entry 10-4, Exhibit C.)  The Commonwealth Court affirmed the Board's decision on September 2, 2005.  (Dkt. Entry 10-7, Exhibit F, Ascenzi v. Pennsylvania Board of Prob. & Parole, No. 372 C.D. 2005 (Pa. Cmwlth )).  In response to Ascenzi's assertion that the Board inappropriately relied upon hearsay evidence offered by Agent Dubaskas as to Petitioner's admission that he used Vicodin, the Commonwealth Court noted that "a parole agent's testimony as to a parolee's admission that he violated parole is

-5-

admissible under the exception to the hearsay rule relating to admissions against interest by a party, which constitutes substantial evidence to support a recommitment order." (Id. at p. 5.) The Commonwealth Court also rejected Ascenzi's assertion that Agent Dubaskas' testimony was fabricated.  It held that "the Board is the fact finder and is empowered to evaluate witness credibility, to resolve conflicts in the evidence and to determine evidentiary weight."  (Id.)  The Court dispensed with Ascenzi's Due Process claim, noting that "nothing in the record demonstrates that [Ascenzi] was prevented from fully testifying or from offering evidence on his behalf."  (Id.)

On September 21, 2005, Ascenzi sought an allowance of appeal in the Pennsylvania Supreme Court.  (Dkt. Entry 10-8, Exhibit G.)  That matter was pending at the time Petitioner filed his present petition for habeas corpus relief.  (Dkt. Entry 10-10, Exhibit I, Docket Report in Ascenzi v. Pennsylvania Board of Prob. & Parole, 833 MAL 2005 (Pa.).)  Respondents filed their Answer to the Petition on March 29, 2006.  (Dkt. Entry 10.)  On March 31, 2006, The Pennsylvania Supreme Court denied Ascenzi's Petition for Allowance of Appeal.  (Dkt. Entry 14, Petitioner's Traverse, Exhibit A.)

**III.    Discussion.**

Respondents contend that Petitioner's claims are procedurally defaulted and must be dismissed as his petition for allowance of appeal, at the time of their response, was pending before the Pennsylvania Supreme Court.  In the alternative, they argue that Ascenzi's

claims are entirely meritless.

### A.     Exhaustion.

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper

mechanism for a state prisoner to challenge the "fact or duration" of his confinement.  Learner

v. Fauver, 288 F.3d 532 (3d Cir.2002).  Habeas corpus relief cannot be granted unless

petitioner has exhausted all available state remedies as to each federal claim raised in the

petition.  See 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S.  722, 731-32 (1991);

Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).   The principle of exhaustion, which is

founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to

resolve federal constitutional claims before those claims are presented to the federal courts . . .

by invoking one complete round of the State's established appellate review process," including

petitioning for discretionary appeal.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999);

Holloway v. Horn, 355 F.3d 707 714 (3d Cir. 2004).  The petitioner bears the burden of

establishing that all available state remedies have been exhausted.  Parker v. Kelchner, 429

F.3d 58, 62 (3d Cir. 2005).

When considering exhaustion in the context of a state parole violator, as is the

case here, petitioner must first challenge the Board's decision by filing an administrative appeal.

See 37 Pa. Code § 73.1(b)(1).  The administrative appeal must be followed by an appeal to the

Pennsylvania Commonwealth Court.  See 42 Pa.C.S. § 763 (jurisdiction of Commonwealth

Court over appeals from final orders of government agencies); <u>Borsello v. Colleran</u>, 833 A.2d 1213, 1215 (Pa. Cmwlth. 2003) ("Appeals of the Board's parole revocation and recommitment orders are within the exclusive appellate jurisdiction of the Commonwealth Court.").  The third and final step Petitioner must pursue is a petition to the Pennsylvania Supreme Court for allowance of appeal.  See <u>McMahon v. Pennsylvania Board of Prob. & Parole</u>, 504 Pa. 240, 470 A.2d 1337 (1983); <u>Evans v. Pennsylvania Dep't of Corr.</u>, 713 A.2d 741 (Pa. Cmwlth.1998); <u>St. Clair v. Pennsylvania Board of Prob. & Parole</u>, 89 Pa.Cmwlth. 561, 493 A.2d 146 (Pa. Commw.1985).  Ascenzi brought this federal habeas proceeding without awaiting a decision on his petition for allowance of appeal.  Thus, at the time this proceeding was commenced, state court remedies had not been exhausted.

Nonetheless, a district court has the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies where it is "perfectly clear that the [petitioner] does not raise even a colorable federal claim."  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 514 - 515 (3d Cir. 1997) (citing <u>Granberry v. Greer</u>, 481 U.S. 129 (1987) and 28 U.S.C. § 2254(b)(2).)  The Supreme Court in <u>Granberry</u>, directed the court of appeals to "determine whether the interests of comity and federalism [would] be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of petitioner's claim."  <u>Granberry</u>, 481 U.S. at 134.  Thus, where a habeas petitioner failed to exhaust a meritless claim, the interests of justice are served if the district

court denies the petition.  Id. at 135; see also Long v. Wilson, 393 F.3d 390, 403 (2004)("[T]he

Supreme Court held that a court has the discretion, in the interests of comity and federalism, to

decide whether justice would be better served by insisting that a claim be fully exhausted or by

rejecting it if it is plainly lacking in merit.")

The Supreme Court of Pennsylvania denied Ascenzi's petition the same day

Respondents filed their answer to the habeas corpus petition.  As Ascenzi's state court

remedies are now exhausted, and Respondents have alternatively addressed the merits of

Ascenzi's Due Process, the Court will disregard the premature nature of Ascenzi's filing and

dismiss the habeas petition as utterly without merit.

**B.     Ascenzi's Due Process Claims**

Petitioner claims that his due process rights were violated when the Board

accepted, and relied upon, testimony from Agent Dubaskas during the course of his parole

revocation proceedings.  Ascenzi also claims that there was insufficient evidence to establish a

violation of the conditions of his parole.

The due process requirements for a parole revocation differ from those afforded

a defendant in a criminal prosecution.  Morrissey v. Brewer, 408 U.S. 471, 480 (1972).

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of

rights due a defendant in such a proceeding does not apply to parole revocations. . . .

Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled,

but only of the conditional liberty properly dependent on the observance of special parole

restrictions." Id. at 481.  While not entitled to the "full panoply of rights," a parolee is entitled to

certain procedural protections, such as notice of the violations, disclosure of the evidence

against him, an opportunity to be heard and to present witnesses and evidence, the right to

confront and cross-examine witnesses, a "neutral and detached" hearing, and a written

statement by the fact-finders as to the evidence relied on and the reasons for revoking parole.

Id., at 481-89.  The Due Process Clause, however, is not offended when parole violations are

found "by a judge under a preponderance of the evidence standard, [and] not by a jury beyond

a reasonable doubt." United States v. Dees, 467 F.3d 847, 854 - 855 (3d Cir. 2006).  Parolees

in revocation proceedings also face a greater range of evidence that may be admissible against

them, no right to a jury, and no right against self-incrimination. United States v. Loy, 237 F.3d

251 (3d Cir. 2001) (citations omitted); see also Lee v. Pennsylvania Bd. of Prob. & Parole, 885

A.2d 634, 639 - 640 (Pa. Cmwlth 2005) ("Generally, the rules of evidence are not strictly

applied in proceedings before the Board.")

  In this case, Ascenzi claims the Board erred when it accepted as evidence Agent

Dubaskas' statement that Ascenzi admitted using Vicodin without a prescription in June 2004.

Ascenzi claims Agent Dubaskas' statement constituted inadmissible hearsay.  The

Commonwealth Court of Pennsylvania, citing Cadogan v. Pennsylvania Board of Prob. &

Parole, 571 A.2d 3 (Pa. Cmwlth. 1990), refuted this assertion by noting that "a parole agent's

testimony as to a parolee's admission that he had violated parole is admissible under the

exception to the hearsay rule relating to admissions against interest by a party, which

constitutes substantial evidence to support a recommitment order." (See Dkt. Entry 10-7,

Ascenzi v. Pennsylvania Board of Probation and Parole, No. 372 C.D. 2005 (Cmwlth Ct.

September 2, 2005).  Such a finding is consistent with both the Pennsylvania and Federal

Rules of Evidence.  Here, the Board's decision is supported by the non-hearsay statement of

the parole agent, who testified that Ascenzi admitted to him that he took Vicodin in June 2004

and that he did not hold a prescription for the same.  This testimony is admissible as a

statement against interest, an exception to the hearsay rule.

      Next, Ascenzi contends that the Board erroneously considered Agent Dubaskas'

statement that Petitioner admitted to illegal drug use as a credible statement when it was, in

fact, fabricated.  Ascenzi denies taking any medication without a valid prescription.  The Board

heard testimony from Agent Dubaskas and Asenzi at the parole revocation hearing.  Ascenzi's

counsel had the opportunity to cross-examine Agent Dubaskas.  Petitioner testified at the

revocation hearing that he was taking a prescription narcotic in June 2004 and that he may

have taken his girlfriend's medication in error as it looked very similar to the pain medication he

was allegedly prescribed in June 2004 for his neck injury.  Ascenzi had the opportunity to, but

failed to, present evidence on his own behalf as to whether or not he had a valid prescription for

any narcotic pain medication in June 2004.  The Commission chose to credit Agent Dubaskas

over Ascenzi.  It is the function of the Board, as the ultimate fact-finder, to evaluate witness

credibility.  Sigafoos v. Pennsylvania Board of Prob. & Parole, 503 A.2d 1076 (Pa. Cmwlth.

1986); Houser v. Pennsylvania Board of Prob. & Parole, 874 A.2d 1276 (Pa. Cmwlth. 2005).

As Respondent points out, Ascenzi's Due Process argument in this regard is no more than a

challenge to the Board's credibility determination.  Such "determinations are the unique

province of the fact finder, be it a jury, or a judge sitting without a jury.  Where the record

supports a credibility determination, it is not fo an appellate court to set it aside."  United Sates.

v. Kole, 164 F.3d 164, 177 (3d Cir. 1998).

**V.     Conclusion**

        Asenzi has not presented a credible case for denial of due process in connection

with the revocation of his parole.  Accordingly the Petition for a Writ of Habeas Corpus will be

denied.  An appropriate Order follows.


                                            **s/ Thomas I. Vanaskie**
                                            Thomas I. Vanaskie
                                            United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL J ASCENZI,** | : |
| | : |
| **Petitioner,** | : |
| | :   **CIVIL NO. 3:CV-05-2632** |
| **v.** | : |
| | :   **(JUDGE VANASKIE)** |
| **CHARLES ERICKSON,** | : |
| | : |
| **Respondent.** | : |

# O R D E R

**AND NOW**, this **22nd** day of **JANUARY, 2008**, for the reasons set forth in the

foregoing Memorandum, it is ordered that:

1.      The petition under 28 U.S.C. § 2254 is **DENIED**.

2.      A certificate of appealability is **DENIED**.

3.      The Clerk of Court shall mark this matter **CLOSED.**

                **s/ Thomas I. Vanaskie**
                Thomas I. Vanaskie
                United States District Judge